UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RENEE L. COLE,

                              Plaintiff,

              v.

CITY OF NEW YORK,
NYPD OFFICER ROBERT DECK,
NYPD OFFICER DOES 1-4,

                              Defendants.

ECF CASE

CASE NO. 15-CV-4690

<u>COMPLAINT</u>

<u>JURY TRIAL DEMANDED</u>


        COMES NOW THE PLAINTIFF, Renee L. Cole, by her attorneys, Steven M.

Warshawsky and The Warshawsky Law Firm, for her complaint against the defendants

and alleging upon personal knowledge and information and belief as follows:

<u>NATURE OF THE CASE</u>

        1.      This is a civil rights action under 42 U.S.C. § 1983 and New York

state law arising from the plaintiff's arrest on June 1, 2014, by NYPD Officer Robert Deck

and other officers of the New York City Police Department.  The defendants subjected the

plaintiff to false arrest, false imprisonment, excessive force, and other abuses of police

authority, without probable cause or other legal justification.  The only reason for the

officers' unlawful actions was that the plaintiff attempted to use her cell phone to videotape

the officers' arrest of her boyfriend, which she announced to the officers while standing a

reasonable distance away from them and not interfering with the arrest.  The officers

reacted in a hostile manner to the plaintiff's lawful exercise of her First Amendment rights,

knocking her to the ground, confiscating her cell phone (and subsequently deleting the

recording of the incident), and arresting her on bogus charges.  The plaintiff is entitled to

compensatory damages for the harms she has suffered as a result of the defendants'

unlawful actions, punitive damages to punish and deter the defendants from engaging in similar unlawful actions in the future, attorney's fees, costs, and disbursements, and all available legal and equitable relief.  The plaintiff demands trial by jury.

<u>**PARTIES**</u>

2.      Plaintiff **Renee L. Cole** is a citizen of New York and resides in Brooklyn, New York.  Ms. Cole grew up in Maine and went to college and film school in New York.  She is a SAG/AFTRA/AEA actress and noted Lady Gaga tribute artist.

3.      Defendant **City of New York** is a municipality of the State of New York.  The NYC Corporation Counsel is Zachary Carter.  The main office of the Corporation Counsel is located at 100 Church Street, New York, New York, 10007.  The NYPD is an agency or instrumentality of the City of New York.  The City of New York is being sued under New York state law, pursuant to the doctrine of respondeat superior.

4.      Defendant **NYPD Officer Robert Deck** (Shield No. 25661) is an employee of the New York City Police Department.  Upon information and belief, his place of business is the NYPD 81st Precinct located at 30 Ralph Avenue, Brooklyn, New York, 11221; (718) 574-0411.  Officer Deck personally participated in the unlawful conduct alleged herein.  At all relevant times, Officer Deck was acting under color of state law and in the scope of his employment with the NYPD.  Officer Deck is being sued in his individual capacity under 42 U.S.C. § 1983 and New York state law.

5.      Defendant **NYPD Officer Does 1-4** (Shield Nos. unknown) are employees of the New York City Police Department.  Upon information and belief, their place of business is the NYPD 81st Precinct located at 30 Ralph Avenue, Brooklyn, New York, 11221; (718) 574-0411.  Officer Does 1-4 personally participated in the unlawful conduct alleged herein.  At all relevant times, Officer Does 1-4 were acting under color of

2

state law and in the scope of their employment with the NYPD.  Officer Does 1-4 are being sued in their individual capacity under 42 U.S.C. § 1983 and New York state law.

## JURISDICTION AND VENUE

6.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, because this action arises under the Constitution and civil rights laws of the United States.

7.      This Court has supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367, because the plaintiffs' federal and state law claims derive from a common nucleus of operative facts and form part of the same case or controversy under Article III of the U.S. Constitution.

8.      This Court has venue over this action pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

9.      There are no administrative exhaustion requirements for bringing the present civil rights claim under 42 U.S.C. § 1983.

10.     Plaintiff served a notice of claim on the City of New York within 90 days of the incidents in question.  The defendants conducted a 50-h hearing of the plaintiff on April 29, 2015.  This action is being brought more than 30 days after the notice of claim was served on the defendants and within one year and 90 days after the incidents in question.

## FACTUAL ALLEGATIONS

11.     This case began on Sunday, June 1, 2014, around 1:30 p.m., on a public sidewalk near 918 Broadway in Brooklyn, New York.

12.     Ms. Cole had set out that afternoon to go jogging with her boyfriend. She went into a local store, Bargain Bazaar Warehouse, to buy a set of headphones. Her boyfriend remained outside the store.

13.     Inside the store, Ms. Cole noticed some plainclothes police officers (unrelated to this case) who appeared to be investigating a robbery and were asking the clerk for surveillance video.

14.     While standing at the counter purchasing the headphones, she heard her boyfriend call out her name. She looked and saw her boyfriend in handcuffs outside on the sidewalk. Two plainclothes police officers, one white male and one asian female, were conducting her boyfriend's arrest. Her boyfriend was not acting in an agitated or angry manner. He was not resisting in any way. The officers were not in any danger.

15.     Ms. Cole exited the store, cell phone in hand, and started videotaping the arrest. She told the police officers that she was videotaping. She was standing approximately 20-25 feet from the officers. She was not interfering with the arrest. She was not threatening the officers. She was not yelling at the officers. At no point did she touch or grab any of the officers.

16.     Ms. Cole assumed (correctly) that her boyfriend was being arrested because of a domestic violence complaint she had made against him five months before. Although the incident was minor, Ms. Cole reported the incident to make a record of what happened and to find out what her legal options were, but she repeatedly told the police that she did not want to press charges or have her boyfriend arrested.

17.     While she was videotaping her boyfriend's arrest, she again told the officers that she was not pressing charges and did not want him arrested. She also asked the officers if they had an arrest warrant. They ignored her and continued with their activities.

18.     At no point did the police officers instruct Ms. Cole to stop recording the arrest.  At no point did the officers advise Ms. Cole that she was interfering with the arrest.  At no point did the officers instruct Ms. Cole to "disperse" or move farther away from them.  At no point did the police officers advise Ms. Cole that she was breaking the law or would be arrested for anything she was doing at the scene.

19.     At some point, without warning or provocation, the male police officer – defendant NYPD Officer Robert Deck – walked aggressively towards Ms. Cole and shoved her forcefully with his right arm and shoulder, causing Ms. Cole to fall hard to the ground. Ms. Cole fell on a metal grate on the sidewalk, injuring her left elbow and arm and both of her knees, which were scratched, bruised, cut, and bleeding.

20.     Ms. Cole was sitting on the ground, crying and shaking from the shock and pain of what happened.  Officer Deck then grabbed her arm and yanked her forcefully to her feet.  His grip was so strong that Ms. Cole's arm was bruised afterwards with the imprint of his hand.  Around this time, Officer Deck confiscated Ms. Cole's cell phone.

21.     Ms. Cole has a diagnosed heart condition and she became so scared that she had an episode of tachycardia and passed out for about one minute.  When she came to, she was in handcuffs, which scratched and bruised her wrists.  She told the police officers that she has a heart problem, was having trouble breathing, and needed medical attention.  The officers told her they would call someone "when you get to the precinct." Extremely frightened, Ms. Cole began to yell out to bystanders that she was injured and was being arrested for no reason.  Officer Deck told her, "Enough of your liberal show, bitch."

22.     Officer Deck escorted Ms. Cole to two female police officers.  Ms. Cole told them that she thought she was going to pass out again and needed medical attention. One of the officers told her, "Shut up, bitch.  Get in the car."

23.     None of the police officers at the scene informed Ms. Cole why she was being arrested.

24.     Ms. Cole was transported in a marked police car to the 81st Precinct in Brooklyn.  During the ride, one of the female officers commented to Ms. Cole, who was visibly shaking, that she needed to calm down or she was going to have a heart attack.

25.     At the precinct, Ms. Cole was patted down, fingerprinted and photographed (after a several hour delay), and placed in an empty holding cell that was covered in blood, vomit, urine, and excrement.  There were teeth on the floor of the cell.  Ms. Cole was completely disgusted and very worried that she would catch some kind of illness or disease through the open wounds on her knees.

26.     Ms. Cole continued to ask for medical attention, which never was provided.  She continued to experience heart palpitations and trouble breathing for several hours.  At one point, Ms. Cole started screaming for help and one of the female officers who had transported her to the station told her, "If you go to a hospital, they will just handcuff you to a bed in the ER, then you will come back here and start your time all over."  She also told Ms. Cole, "You are in here for resisting arrest, so if you keep screaming for help, we can keep you in here for two days if we feel like it, sweetie."

27.     Sometime later, one of the detectives who had investigated Ms. Cole's domestic violence complaint came into the work area outside of the holding cell, escorting her boyfriend.  The detective released Ms. Cole from the cell and then fingerprinted Ms. Cole and her boyfriend.  The detective said to Ms. Cole, "You remember when we came to your door [during their investigation] and you were rude to us?  That's why you are in here."

28.     A few hours later, Ms. Cole screamed for help again.  A male police officer came to her cell and said dismissively, "You don't look injured to me."  Ms. Cole told

this officer that she had been falsely arrested and wanted to call her lawyer. As he walked away, he said, "Fuck you, bitch."

29. Around 10:30 p.m., after approximately nine hours at the precinct, Ms. Cole was transferred to central booking in Brooklyn. At central booking, she was patted down and placed into a holding cell with other female detainees. Ms. Cole spent approximately five hours at central booking before she was arraigned and released on her own recognizance around 3:30 a.m.

30. Later that morning, Ms. Cole went back to the precinct to retrieve her personal property. When she checked her cell phone, she saw that the video recording of the incident had been deleted (obviously by one of the police officers) and the WiFi on the phone had been turned off (presumably to prevent the possibility of the video being uploaded to an external server).

31. Upon information and belief, Ms. Cole originally was charged with four crimes: assaulting a police officer (PL § 120.05(3)); obstructing governmental administration (PL § 195.05); harassment (PL 240.26(2)); and resisting arrest (PL § 205.30). There was no probable cause or other legal justification for the charges against Ms. Cole. The charges were fabricated to cover up Officer Deck's and the other police officers' unlawful conduct and their violations of Ms. Cole's rights.

32. Ms. Cole returned to criminal court two times after her arraignment. At her second appearance, the District Attorney's Office offered her an Adjournment in Contemplation of Dismissal, which she accepted. Pursuant to the ACD, the charges against her have been dismissed and the arrest records expunged and sealed.

33. As a result of the incident, Ms. Cole suffered lost liberty, physical pain and suffering (past, present, and future), mental and emotional pain and suffering (past, present, and future), lost income, and other pecuniary and non-pecuniary injuries.

34.     As a result of the incident, Ms. Cole missed scheduled work as an extra on a television production, which damaged her professional reputation and ability to obtain future work in the industry.

35.     Because of her physical injuries, Ms. Cole was not able to pursue work as an actress or Lady Gaga impersonator for several weeks after the incident.

36.     Ms. Cole continues to experience chronic pain in her right knee, which was caused and/or exacerbated by the incident.

37.     Ms. Cole continues to experience anxiety, sadness, flashbacks, fear of the police, and other symptoms related to the incident, which affects her ability to work and to enjoy daily life activities.

## COUNT ONE: FALSE ARREST / FALSE IMPRISONMENT
### (Section 1983; Officer Deck)

38.     Plaintiff repeats and re-alleges Paragraphs 1-37 above.

39.     The elements of a claim for false arrest / false imprisonment under Section 1983 are:  (1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged.

40.     Officer Deck intended to, and did, confine Ms. Cole.

41.     Ms. Cole was conscious of the confinement.

42.     Ms. Cole did not consent to the confinement.

43.     The confinement was not otherwise privileged.

44.     There was no probable cause or other legal justification for Ms. Cole's arrest and imprisonment by Officer Deck.

45.     Officer Deck is not entitled to qualified immunity.

46.     Officer Deck's actions violated Ms. Cole's clearly established rights under the Fourth Amendment.

47.     It was not objectively reasonable for Officer Deck to believe that his actions did not violate Ms. Cole's rights.

48.     Officer Deck acted with intentional, knowing, callous, and/or reckless indifference to Ms. Cole's rights.

49.     As a result of Officer Deck's unconstitutional conduct, Ms. Cole suffered lost liberty, physical pain and suffering (past, present, and future), mental and emotional pain and suffering (past, present, and future), lost income, and other pecuniary and non-pecuniary injuries, for which she is entitled to an award of compensatory damages.

50.     Ms. Cole is entitled to an award of punitive damages to punish Officer Deck for his unconstitutional conduct and to deter him from engaging in similar unconstitutional conduct in the future.

## COUNT TWO: FALSE ARREST / FALSE IMPRISONMENT
### (New York Law; Officer Deck; City of New York)

51.     Plaintiff repeats and re-alleges Paragraphs 1-50 above.

52.     The elements of a claim for false arrest / false imprisonment under New York law are:  (1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged.

53.     Officer Deck intended to, and did, confine Ms. Cole.

54.     Ms. Cole was conscious of the confinement.

55.     Ms. Cole did not consent to the confinement.

56.     The confinement was not otherwise privileged.

57.     There was no probable cause or other legal justification for Ms. Cole's arrest and imprisonment by Officer Deck.

58.     Officer Deck is not entitled to qualified immunity.

59.     Officer Deck's actions were taken without a reasonable basis.

60.     Officer Deck's actions were taken in bad faith.

61.     Officer Deck's actions were intentional, wanton, and malicious.

62.     As a result of Officer Deck's unlawful conduct, Ms. Cole suffered lost liberty, physical pain and suffering (past, present, and future), mental and emotional pain and suffering (past, present, and future), lost income, and other pecuniary and non-pecuniary injuries, for which she is entitled to an award of compensatory damages.

63.     Ms. Cole is entitled to an award of punitive damages to punish Officer Deck for his unlawful conduct and to deter him from engaging in similar unlawful conduct in the future.

64.     Because Officer Deck's actions were taken in the scope of his employment with the NYPD, the City of New York is vicariously liable for the harm caused by his tortious conduct.

## COUNT THREE: EXCESSIVE FORCE
### (Section 1983; Officer Deck)

65.     Plaintiff repeats and re-alleges Paragraphs 1-63 above.

66.     Plaintiff's federal law excessive force claim arises under the Fourth Amendment because the excessive force was used before the plaintiff's arraignment.

67.     Officer Deck used excessive force against Ms. Cole in violation of the Fourth Amendment when, without provocation, he shoved her forcefully with his right arm and shoulder, causing her to fall hard to the ground, and then grabbed her arm and yanked

her forcefully to her feet, intentionally causing Ms. Cole physical injury, discomfort, and pain.

68. There was no legal justification for Officer Deck's violent actions.

69. Officer Deck's violent actions were objectively unreasonable.

70. Ms. Cole suffered more than de minimis injuries.

71. Officer Deck is not entitled to qualified immunity.

72. Officer Deck's actions violated Ms. Cole's clearly established rights under the Fourth Amendment.

73. It was not objectively reasonable for Officer Deck to believe that his actions did not violate Ms. Cole's rights.

74. Officer Deck acted with intentional, knowing, callous, and/or reckless indifference to Ms. Cole's rights.

75. As a result of Officer Deck's unconstitutional conduct, Ms. Cole suffered lost liberty, physical pain and suffering (past, present, and future), mental and emotional pain and suffering (past, present, and future), lost income, and other pecuniary and non-pecuniary injuries, for which she is entitled to an award of compensatory damages.

76. Ms. Cole is entitled to an award of punitive damages to punish Officer Deck for his unconstitutional conduct and to deter him from engaging in similar unlawful conduct in the future.

## COUNT FOUR: BATTERY
### (New York law; Officer Deck; City of New York)

77. Plaintiff repeats and re-alleges Paragraphs 1-76 above.

78. The elements of a battery claim under New York law are an intentional wrongful contact with another person without consent.

79.     Officer Deck intentionally and wrongfully contacted Ms. Cole without her consent when, without provocation, he shoved her forcefully with his right arm and shoulder, causing her to fall hard to the ground, and then grabbed her arm and yanked her forcefully to her feet, intentionally causing Ms. Cole physical injury, discomfort, and pain.

80.     There was no legal justification for Officer Deck's violent actions.

81.     Ms. Cole suffered more than de minimis injuries.

82.     Officer Deck is not entitled to qualified immunity.

83.     Officer Deck's actions were taken without a reasonable basis.

84.     Officer Deck's actions were taken in bad faith.

85.     Officer Deck's actions were intentional, wanton, and malicious.

86.     As a result of Officer Deck's unlawful conduct, Ms. Cole suffered lost liberty, physical pain and suffering (past, present, and future), mental and emotional pain and suffering (past, present, and future), lost income, and other pecuniary and non-pecuniary injuries, for which she is entitled to an award of compensatory damages.

87.     Ms. Cole is entitled to an award of punitive damages to punish Officer Deck for his unlawful conduct and to deter him from engaging in similar unlawful conduct in the future.

88.     Because Officer Deck's actions were taken in the scope of his employment with the NYPD, the City of New York is vicariously liable for the harm caused by his tortious conduct.

## COUNT FIVE:  VIOLATION OF FIRST AMENDMENT
### (Section 1983; Officer Deck)

89.     Plaintiff repeats and re-alleges Paragraphs 1-88 above.

90.    The First Amendment protects the right of citizens to make video recordings of police officers in public during the police officers' performance of their official duties, provided that the recording does not interfere with these duties.

91.    Officer Deck violated Ms. Cole's rights under the First Amendment when Ms. Cole attempted to record her boyfriend's arrest on her cell phone, without interfering with the police officers' performance of their official duties, and, in retaliation, Officer Deck committed excessive force against Ms. Cole, confiscated her cell phone, and arrested her on trumped-up charges.

92.    Officer Deck's actions were motivated by Ms. Cole's exercise of her First Amendment rights.

93.    Officer Deck's actions interfered with and chilled Ms. Cole's exercise of his First Amendment rights.

94.    Officer Deck is not entitled to qualified immunity.

95.    Officer Deck's actions violated Ms. Cole's clearly established rights under the First Amendment.

96.    It was not objectively reasonable for Officer Deck to believe that his actions did not violate Ms. Cole's rights.

97.    Officer Deck acted with intentional, knowing, callous, and/or reckless indifference to Ms. Cole's rights

98.    As a result of Officer Deck's unconstitutional conduct, Ms. Cole suffered lost liberty, physical pain and suffering (past, present, and future), mental and emotional pain and suffering (past, present, and future), lost income, and other pecuniary and non-pecuniary injuries, for which she is entitled to an award of compensatory damages.

99.     Ms. Cole is entitled to an award of punitive damages to punish Officer Deck for his unconstitutional conduct and to deter him from engaging in similar unlawful conduct in the future.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, the plaintiff hereby demands a trial by jury as to all issues triable by jury in the above-captioned civil action.

## PRAYER FOR RELIEF

WHEREFORE the Plaintiff demands judgment against the Defendants for:

A.     Compensatory damages in an amount no less than $250,000;

B.     Punitive damages in an amount no less than $250,000;

C.     Pre-judgment and post-judgment interest;

D.     Attorney's fees, costs, and disbursements; and

E.     All other relief that the plaintiff may be entitled to under law, or as justice may require.

Dated:   August 11, 2015
         New York, NY

Respectfully submitted,

*Steven M. Warshawsky*

By:     _____
        STEVEN M. WARSHAWSKY (SW 5431)
        The Warshawsky Law Firm
        Empire State Building
        350 Fifth Avenue, 59th Floor
        New York, NY  10118
        Tel:  (212) 601-1980
        Fax:  (212) 601-2610
        Email:  smw@warshawskylawfirm.com
        Website:  www.warshawskylawfirm.com